United States District Court
Southern District of Texas
**ENTERED**
May 23, 2019
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:08-318-1(SS) |
| | § | CIVIL NO. 2:19-18 |
| ISRAEL SANCHEZ, | § | |
|    Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Israel Sanchez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255; motion for leave to file a § 2255 motion; and memorandum in support of his motion for leave to file a § 2255 motion. D.E. 1014, 1015, 1018.[1] Pending before the Court is the United States' (the "Government") motion to dismiss the § 2255 motion as untimely (D.E. 1028), to which Movant has not responded. For the reasons stated herein, the Government's motion to dismiss is **GRANTED**, and Movant's § 2255 motion is **DENIED**.

## I. BACKGROUND

Movant pled guilty to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and more than 5 kilograms of cocaine. He was sentenced to 336 months' imprisonment, to be followed by 5 years' supervised release, and ordered to pay a $100,000 fine. Judgment was entered on May 14, 2009.

Movant filed a pro se notice of appeal, but the Fifth Circuit dismissed the appeal for want of prosecution on June 26, 2009. An amended judgment was entered on July 16,

---

1. Docket entry references (D.E.) are to the criminal case.

2009, to include the forfeitures of real property that were part of Movant's sentence. He did not appeal the amended judgment. He filed the current motion under § 2255 on January 4, 2019.

## II. MOVANT'S ALLEGATIONS

Movant alleges that his 5-year term of supervised release was not authorized by statute. He further claims that trial counsel was ineffective in the following ways:

A. He failed to challenge the indictment and sentence based upon the statutory interpretation of 21 U.S.C. §§ 841(a)(1), 841(b)(A)(1), and 846, specifically whether the Government was required to prove the *mens rea* element regarding the type and quantity of the controlled substance involved;

B. He failed to move for dismissal of the money laundering charge when there was no proof of an underlying unlawful activity;

C. He failed to conduct a proper investigation and independent testing of the alleged cocaine;

D. He failed to object to drug quantity at sentencing;

E. He failed to move for a downward departure based on the "victim's conduct";

F. He failed to give Movant written notice of his right to appeal; and

G. He failed to challenge the 4-level enhancement for being an organizer/leader.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is

otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Movant's conviction became final on the last day to file a timely petition for a writ of certiorari, that is, 90 days after the Fifth Circuit dismissed his appeal. *See* S. CT. RULE

---

2. The statute provides that the limitations period shall run from the latest of:

>  (1) the date on which the judgment of conviction becomes final;
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). There is nothing in Movant's motion to support the application of §§ 2255(f)(2), (f)(3), or (f)(4) in this case.

3

13.1; *United States v. Plascencia*, 537 F.3d 385, 389 (5th Cir. 2008). Movant's appeal was dismissed on June 26, 2009. His conviction therefore became final on September 24, 2009. Movant did not file his § 2255 motion until January 4, 2019, more than eight years after the statute of limitations expired.

**C. Equitable Tolling**

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

Movant argues that trial counsel's "misconduct in his case constitute 'EXTRAORDINARY CIRCUMSTANCE' that justify equitable tolling." D.E. 1015, p. 26 (emphasis in original). According to Movant, this "egregious misconduct" was counsel's failure to advise Movant in writing of his right to appeal. Ignoring the fact that Movant did in fact appeal his conviction pro se, he has failed to show how counsel's lack of communication concerning his appellate rights prevented him from filing a § 2255 motion for nearly a decade.

Movant has presented no facts that would suggest that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. Accordingly, the Court concludes that Movant's failure to file his § 2255

motion within the one-year limitations period requires that the motion be denied as time-barred. Because the Court determines that the motion is time-barred, it does not reach the merits of his asserted grounds for relief.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

5

## V. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 1028) is **GRANTED**. Movant's motion for leave to file a motion under § 2255 (D.E. 1015) is **GRANTED**; however, his § 2255 motion (D.E. 1014) is **DENIED.** Movant is further **DENIED** a Certificate of Appealability.

So **ORDERED** on  5/23/19                    .

                              _____
                              NELVA GONZALES RAMOS
                              UNITED STATES DISTRICT JUDGE